Opinion of the Court.
THIS was an action of debt, brought in the circuit court by Duncan, to recover the amount of an obligation given to him by Reuben Johnston, deceased. The action was brought against Thomas Johnston, as execu-j!or of the estate of Reuben Johnston, deceased, and *164 declaration pursues the writ in that respect. Johnston appeared and filed a plea .denying that he. was executor of the decedent, Reuben Johnston. To this plea Pancan replied, though inartificially, in substance traversing the truth of the plea. The_ ifsiie was tried, and a verdict found for Duncan; and after the motion of Johnston for a new trial was overruled, judgment was rendered in'eonformity to the verdict against Johnston.
The assignment of errors questions the correctness of decisions given by the court ia the progress of the trial, as well as that given in refusing to award a new trial. It was proved that Thomas Johnston, senior, the father of both Ileuben Johnston,’ deceased, and Thomas Johnston, the defendant in the court below,, was the right* ful owner of a negro boy, and whilst the boy was but a few years old, he gave him to bis son, Reuben, in his lifetime; that Reuben received from bis father the possession of the negro boy, and exercised ownership ¡over him for several years previous to his death; that some time previous to the death of Reuben, be and his father went to live with the defendant, Thomas, and that both of them, together with the negro boy, contvn-ped with the defendant from that time to the death of Reuben; and that, immediately upon Reuben’s decease, the defendant took possession of the negro, to his own use, and still holds him in his possession, it was also proved by the introduction of a bill of sale from the father to the defendant, that after the death of Reuben, the father, in consideration of six hundred dollars, sold and delivered the possession of the boy to the defendant, covenanting in the bill of sale that he had good right to sell and convey the negro boy. ' There was no evidence of any will having been made by Reuben Johnston, or of any administration having been granted by the competent authority, on his estate, since his decease.
It was upon the preceding evidence in substance given to the jury, that Duncan, the plaintiff in the court below, rested his case; and the. main question attempted to be made in the progress of the trial, and on the application for a new trial, and which it now becomes necessary for this court to decide, is as to the competency of the evidence to charge the defendant, as executor of his own wrong, with the payment of the plaintiff, Duncan’s, demand.
*165 . f$ds proper to prende, that there exists a degree of obscurity in the evidence, whether the negro was taken into*-the "possession of the defendant to his own use, hpfore or after the bill of sale was given by the father.. From tlfe statement madehn the bill of exceptions, however, the evidence is of a character from which the jury-might infer the possession to have been taken before the father gave the bill of sale; and we shall, in considering the question of law, assume the fact to be so. Thus considering the fact, we can have no hesitation in pronouncing the defendant to be chargeable as an executor de son tort; for by taking the possession of the negro to his own use. without colour of title, the defendant took upon himself to do that which was proper to be done by an executor or administrator only, and the lawHs well settled, that to do such acts as belong to thA office'of an executor or administrator, without any authority from the deceased or the tribunal authorised to. grant administration, constitutes the perpetrator of the acts an executor of his own wrong.
We should not have entertained the opinion that the defendant was chargeable, if the possession of the boy had never been taken by the defendant, until he received the bill of sale from the father; for that bill of sale conferred colour of title on the defendant, and it is said, to take any of the goods of the deceased into possession^ under colour of tille, is not such an intermeddling with the estate as constitutes an executor of his own wrong. Nor will the receiving of goods under a purchase or gift from another who has taken the goods of the deceased, make the receiver chargeable as an executor of his own wrong, though the person taking, and .from whom received, will be chargeable in that .character. See Shep. Touch. 488.
The judgment must be affirmed with costs and dam-agés.